Mathew K. Higbee, Esq., SBN 106514
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste. 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6559 Facsimile
mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>                    Plaintiff,<br><br>v.<br><br>HENRY SHIVLEY d/b/a<br>www.fromthetrenchesworldreport.com;<br>and DOES 1 through 10 inclusive,<br><br>                    Defendant. | Case No. 1:18-cv-01703-MC<br><br>**MOTION TO STRIKE DEFENDANT'S ANSWER; MEMORANDUM OF LAW; DECLARATION OF MATHEW K. HIGBEE IN SUPPORT THEREOF**<br><br>Request for Oral Argument |

## MOTION TO STRIKE DEFENDANT'S ANSWER

Plaintiff Christopher Sadowski ("Plaintiff") moves this Court to strike the Answer filed by Defendant Henry Shivley d/b/a www.fromthetrenchesworldreport.com ("Defendant") on October 18, 2018. (Doc. No. 7.) This motion is brought pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that the basis for Defendant's Answer is meritless and does not

1

provide "fair notice" of the defenses raised. In compliance with Local Rule 7-1, the parties made a good faith effort through telephone conferences and e-mail to resolve the dispute and have been unable to do so. This Motion to strike is based on the accompanying Memorandum of Law, the Declaration of Mathew K. Higbee, and the pleadings, files and other materials that are on file with the Court. Plaintiff respectfully requests oral argument by telephone conference in this matter.

Dated: November 8, 2018                    Respectfully submitted,

                                           /s/ Mathew K. Higbee
                                           Mathew K. Higbee, Esq.
                                           Oregon Bar No. 106514
                                           HIGBEE & ASSOCIATES
                                           1504 Brookhollow Dr., Ste 112
                                           Santa Ana, CA 92705-5418
                                           (714) 617-8350
                                           (714) 597-6729 facsimile
                                           *Counsel for Plaintiff*

## MEMORANDUM OF LAW

### I. Introduction

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff respectfully moves this Court to strike Defendant's Answer. (Doc. No. 7.) The basis for Defendant's Answer is meritless and Defendant does not provide "fair notice" of the defenses raised. Therefore, striking Defendant's answer will narrow the issues relevant to this claim.

### II. Legal Standard

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The grant of a motion to strike serves "to avoid expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Ganley v. Cnty of of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of this action.").

The Federal Rules "require, a 'showing', rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3

(2007). Thus, "[a] pleading that offers [mere] 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The Ninth Circuit holds that conclusory and factually unsupported affirmative defenses are insufficient to survive motions to strike. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As one district court noted, "the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses." *Barnes v. AT&T Pension Benefit*, 718 F. Supp. 1167, 1171 (N.D. Cal. 2010).

Affirmative defenses are also insufficient if they do not provide the plaintiff with "fair notice" of the defense. *Whyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "[G]eneral allegations" are not fair notice. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Thus, under *Twombly's* heightened pleading standard, Defendants must provide sufficient factual support to connect its defenses to this case rather than simply making conclusory or barebones statements or allegations.

### III.   Legal Argument

In his Answer, Defendant generally asserts a sovereign citizen defense in that he invokes his "personal superior authority as the individual free sovereign national for the Bill of Rights," and goes as far as to state that "the UNITED

STATES DISTRICT COURT DISTRICT OF OREGON MEDFORD DIVISION is the no authority over the any American national for the Republic . . . ." (Doc. No. 7 at 20, 8.)

"Courts across the country 'have uniformly rejected arguments' based on the sovereign citizen ideology as frivoulous, irrational, or unintelligible." *Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016); *See, e.g., United States v. Alexio*, No. 13-01017 JMS, 2015 WL 40691690, at *2–4 (summarizing cases rejecting sovereign citizen arguments as 'frivioulous, irrational, and unintelligible.' (quoting *United States v. Ornelas*, 05-0321-WS-C, 2010 WL 4663385, at *1 (S.D. Ala. Nov. 9, 2010))). This holds true regardless of whether such arguments are made as a claim or defense. *See United States v. Dernard Darnell of the Family Neal*, No. 1:11-CR-297-LJO, 2016 WL 2926508, at *3 n.2 (E.D. Cal. May 18, 2016) (noting that the " 'sovereign citizen' defense is invalid and inadmissible . . .").

This district has also regarded sovereign citizen claims as meritless and frivolous. *See Jacob v. Brown*, No. 3:18-CV-00664-YY, 2018 WL 3763801, at *2 (D. Or. Aug. 6, 2018) ("Courts have repeatedly rejected 'sovereign citizen' and 'redemptionist' arguments such as those made by Plaintiff as 'utterly frivolous.'") (internal citations omitted); *see also United States v. Ernst*, 857 F. Supp. 2d 1098, 1105 (D. Or. 2012), *aff'd*, 623 F. App'x 333 (9th Cir. 2015); and *see Ray v.*

*Williams*, No. CV-04-863-HU, 2005 WL 697041, at *5–6 (D. Or. Mar. 24, 2005), *report and recommendation adopted*, No. CV-04-863-HU, 2005 WL 1429907 (D. Or. June 16, 2015), *aff'd*, 234 F. App'x 570 (9th Cir. 2007).  More importantly, the Ninth Circuit has noted, "this argument has been consistently and thoroughly rejected by every branch of the government for decades.  Indeed advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigations who raise them."  *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *accord United States v. Powell*, 46 F.3d 1148 (9th Cir. 1995).

Accordingly, Defendant's Answer should be stricken because it is meritless frivolous, and does not give Plaintiff "fair notice" of any factually sufficient affirmative defenses.

## IV.  Conclusion

For the foregoing reasons, Plaintiff moves this Court to Strike Defendant's Answer for the purpose of narrowing the issues to those that are relevant to this case.

Dated: November 8, 2018                    Respectfully submitted,

/s/ Mathew K. Higbee
Mathew K. Higbee, Esq.
Oregon Bar No. 106514
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8325
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DECLARATION OF MATHEW K. HIGBEE

I, Mathew K. Higbee, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Oregon and the United States District Court for the District of Oregon. I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

2. I am the attorney for Plaintiff Christopher Sadowski in the above captioned action. I make this Declaration in support of Plaintiff's Motion to Strike.

3. Since April 19, 2017 up until filing suit, Plaintiff's counsel has continuously attempted to confer with Defendant by telephone, mail, and e-mail, but has not been successful in resolving this matter.

4. Plaintiff filed suit on September 25, 2018 (Doc. No. 1) and Defendant filed its Answer on October 18, 2018. (Doc. No. 7.)

5. In compliance with Local Rule 7-1, Plaintiff's counsel contacted Defendant by telephone and e-mail to resolve the dispute, but was unable to do so.

6. As a result, Plaintiff moves to strike Defendant's Answer because it is meritless and does not give "fair notice" of any factually sufficient affirmative defenses.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States of America.

9

Executed this 8 November 2018, at Santa Ana, California,

**/s/ *Mathew K. Higbee***
Mathew K. Higbee, Esq.
*Counsel for Plaintiff*
