IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHRISTOPHER SADOWSKI,

                Plaintiff,

v.

HENRY SHIVLEY and DOES
1 through 10 inclusive.

                Defendants.

Civ. No. 1:18-cv-01703-MC

**OPINION & ORDER**

McSHANE, District Judge.

      Plaintiff Christopher Sadowski brought this action for damages and injunctive relief against Defendant Henry Shivley, doing business as www.fromthetrenchesworldreport.com, alleging claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332, and for falsification, removal, and alteration of copyright management information under 17 U.S.C. § 1202 of the Digital Millennium Copyright Act ("DMCA"). A default was entered against Plaintiff on April 18, 2019. ECF No. 14. Plaintiff now moves for default judgment against Shivley pursuant to Federal Rule of Civil Procedure 55, ECF No. 15. Plaintiff's Motion is GRANTED IN PART.

**BACKGROUND**

      Plaintiff is a professional photographer and has licensed or sold his photographs to dozens of major media outlets. Plaintiff is the sole author and exclusive rights-holder to two photographs, which are identified as Image A and Image B and are attached as Exhibits A and B to the Complaint. ECF No. 1.

Defendant Shivley owns and operates the news site www.fromthetrenchesworldreport.com (the "Website"). Shively posts content on the Website to attract user traffic and drive advertising revenue.

Image A is a photograph of a car crash. Plaintiff registered Image A with the U.S. Copyright Office on March 31, 2015, under registration number VA 1-954-323. Image A originally appeared in an article entitled *Bob Simon's driver had 'dead' arm, 9 prior license suspensions*, published by the New York Post on February 12, 2015 ("Post Article A"). The article included an attribution to Plaintiff under the bottom left corner of Image A. Compl. Ex. C.

On April 15, 2017, Plaintiff discovered that Shivley had used Image A in an article on the Website entitled *Co-worker warned limo boss about Bob Simon's 'erratic' driver*, which cited Post Article A but excluded the credit given to Plaintiff. Compl. Ex. E.

Image B a photograph of a vehicle collision with a police car. Plaintiff registered Image B with the U.S. Copyright Office on August 26, 2018, under registration number VA 2 019-488. Image B originally appeared in an article entitled *'I want to kill cops': Man who 'tried to run over' officers*, published by the New York Post on January 8, 2015 ("Post Article B"). The article included an attribution to Plaintiff under the bottom left corner of Image B. Compl. Ex. D.

On June 11, 2018, Plaintiff discovered that Shivley has used Image B in an article on the Website entitled *'I want to kill cops': Man who 'tried to run over' officers*, which cited Post Article B but excluded the credit to Plaintiff. Compl. Ex. F.

Plaintiff did not authorize the use of Image A or Image B by Shivley. On August 13, 2018, Plaintiff's counsel attempted to contact Shivley with respect to Image B, but did not receive an answer.

Plaintiff filed this action on September 25, 2018. On October 18, 2018, Shivley, acting pro se, filed an Answer entitled "the Response." ECF No. 7. The Response was comprised of quasi-legal gibberish and "sovereign citizen" arguments. Plaintiff filed a motion to strike the Response, which the Court granted on January 22, 2019. ECF No. 11. Shivley was given fourteen days in which to file an amended answer. Shivley did not file an amended answer and has not otherwise appeared or defended in this action.

Plaintiff sought entry of default, which was granted on April 18, 2019. ECF Nos. 13, 14. Plaintiff has now filed this Motion for Default Judgment. ECF No. 15. Shivley has not responded and time for doing so has elapsed.

## LEGAL STANDARD

Under Rule 55(a), the clerk of court is required to enter an order of default if a party against whom affirmative relief is sought has failed to timely plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United. Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted).

Rule 55 provides that "after the clerk's entry of default against a defendant, a court may enter default judgment against that defendant." *FirstBank P.R. v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising this discretion, courts in this circuit consider the factors articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). The *Eitel* factors are (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the operative complaint; (4) the sum of money at stake in the litigation; (5) the possibility of dispute concerning material facts; (6) whether the

default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored," and cases should be decided upon the merits "whenever reasonably possible." *Id.* at 1472 (citation omitted).

## DISCUSSION

### I.   Direct Copyright Infringement

To establish a claim of copyright infringement by reproduction, a "plaintiff must show ownership of the copyright and copying by the defendant." *Fox Broad. Co., Inc. v. Dish Network LLC*, 747 F.3d 1060, 1066-67 (9th Cir. 2014) (internal quotation marks and citation omitted). The factual allegations set forth in the Complaint, which must be taken as true upon default, establish the elements in the present case. Upon consideration of the other *Eitel* factors, the Court concludes that a judgment of default is appropriate under the circumstances presented here.

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of an award of representing actual damages. 17 U.S.C. § 504(c)(1). If the court determines that the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages of not more than $150,000." 17 U.S.C. § 504(c)(2). "[W]hen the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (citation omitted). Ultimately, however, the court is vested with a considerable amount of discretion in setting the amount of statutory damages. *Id.* at 1010.

"Willful copyright infringement, for purposes of the award of statutory damages, requires the defendant's knowledge that his conduct constitutes copyright infringement." *Jackson v. Sturkie*, 255 F. Supp.2d 1096, 1101 (N.D. Cal. 2003). In this case, the Complaint alleges that Plaintiff's counsel contacted Shivley to request the removal of the infringing images and Shivley did not answer. The Complaint alleges that Shivley published the photos and omitted the attribution to Plaintiff as the author. Once this action was filed, Shivley filed the entirely frivolous Response, in which he accused Plaintiff and Plaintiff's counsel of treason and sedition for attempting to defend Plaintiff's copyrights. Shivley has otherwise refused to participate in this action. Under the circumstances, the Court has no trouble concluding that Shivley willfully infringed Plaintiff's copyright.

In similar cases, district courts have found that an award of statutory damages amounting to two or three times what the plaintiff would have received in licensing fees is appropriate. *See, e.g. Broadcast Music, Inc. v. Ponderosa Chophouse Enters., Inc.*, Case No. SACV 13-00229-CJC(RNBx), 2013 WL 12113406, at * 3 (C.D. Cal. June 20, 2013) (finding that a figure just over twice what the plaintiff would have received in licensing fees was sufficient to compensate the plaintiff and deter future infringement); *Broadcast Music, Inc. v. Paden*, No. 5:11-02199-EJD, 2011 WL 6217414, at *5 (N.D. Cal. Dec. 14, 2011) ("Courts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under § 504(c).").

In the present case, Plaintiff has presented evidence that he receives between $255 and $3,500 for licensing fees, with a median value of $1,622.50. The Court is satisfied that this median represents a reasonable basis for Plaintiff's licensing fees. An award of three times this amount

comes to $4,867.50 per infringement, totaling an award of $9,735. The Court finds this to be a reasonable statutory damage award for Plaintiff's copyright infringement claims.

## II.        Removal of Copyright Management Information

The Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, prohibits intentionally removing or altering copyright management information ("CMI") or distributing CMI knowing that it has been removed or altered "knowing, or . . . having reasonable grounds to know that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b). CMI is defined as information, including the "name of, and other identifying information about, the author of a work," or the "name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," which is "conveyed in connection with copies . . . or displays of a work, including in digital form." 17 U.S.C. § 1202(c)(2), (3).

Based on the allegations of the Complaint, which are taken as true in a case of default, the Court concludes Plaintiff has established a violation of the DMCA based on the removal of copyright management information from the Images when they were published on the Website. Upon consideration of the other *Eitel* factors, the Court concludes that a judgment of default is appropriate under the circumstances presented here.

Violations of the DMCA are compensable by statutory damages "for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000." 17 U.S.C. § 1203(c)(3)(B). In the present case, the Court finds that statutory damages of $2,500 for each violation is reasonable, for total statutory damages of $5,000.

## III. Injunctive Relief

Courts may also issue injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). Although Shivley has apparently deleted the infringing images from the Website, his refusal to participate in this litigation, beyond filing the frivolous Response, gives this Court no reason to believe he will refrain from infringement in the future. *See, e.g., Jackson*, 255 F. Supp.2d at 1103 ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease."). Accordingly, the Court concludes that Plaintiff is entitled to permanent injunctive relief prohibiting Shivley from further infringement of Plaintiff's copyrighted works.

## IV. Attorney Fees

Pursuant to 17 U.S.C. § 505, courts have the discretion to allow the recovery of full costs by or against any party and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court has provided the following non-exclusive list of factors for district courts to consider in making a fee determination under the Copyright Act: (1) frivolousness; (2) motivation; (3) "objective unreasonableness (both in the factual and legal components of the case)"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). The Ninth Circuit has held that court may also consider these additional factors: "[T]he degree of success obtained in the litigation; the purposes of the Copyright Act, and 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious

[litigant].'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)).

Although Plaintiff requests fees and costs in the present motion, and has submitted documentation for the hours expended by his counsel on this case, he has failed to provide an accounting for the claimed costs. Nor does Plaintiff provide support for his claimed hourly rate of $350. A reasonable billing rate is determined based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Court will therefore consider the issue of costs and attorney fees upon submission of a properly supported motion pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.

## CONCLUSION

Plaintiff's Motion for Default Judgment, ECF No. 15, is GRANTED IN PART. Defendant Henry Shivley is ordered to (1) pay Plaintiff statutory damages of $9,735 pursuant to 17 U.S.C. § 504 and (2) pay Plaintiff statutory damages of $5,000 pursuant to 17 U.S.C. § 1203, for a total statutory damage award of $14,735. Defendant Henry Shivley is permanently enjoined from further infringement of Plaintiff's copyrighted works pursuant to 17 U.S.C. § 502. Final judgment shall be entered accordingly. The Court will consider the issue of fees and costs upon the filing of a properly supported motion.

It is so ORDERED and DATED this __30th__ day of October, 2019.

/s/Michael McShane  
MICHAEL McSHANE  
United States District Judge