IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHRISTOPHER SADOWSKI, | Civ. No. 1:18-cv-01703-MC |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| HENRY SHIVLEY and DOES 1 through 10 inclusive. | |
| Defendants. | |

McSHANE, District Judge.

Plaintiff Christopher Sadowski brought this action for damages and injunctive relief against Defendant Henry Shivley, doing business as www.fromthetrenchesworldreport.com, alleging claims for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332, and for falsification, removal, and alteration of copyright management information under 17 U.S.C. § 1202 of the Digital Millennium Copyright Act ("DMCA"). A default was entered against Plaintiff on April 18, 2019, and a default judgment was entered on October 30, 2019. ECF Nos. 14, 18. This matter comes before the Court on Plaintiff's Motion for Attorney Fees and Costs. ECF No. 22. The motion is GRANTED.

## DISCUSSION

### I. Discretion to Award Fees

Pursuant to 17 U.S.C. § 505, courts have the discretion to allow the recovery of full costs by or against any party and "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The Supreme Court has provided the following non-exclusive list of

factors for district courts to consider in making a fee determination under the Copyright Act: (1) frivolousness; (2) motivation; (3) "objective unreasonableness (both in the factual and legal components of the case)"; and (4) "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994) (internal quotation marks and citation omitted). The Ninth Circuit has held that court may also consider these additional factors: "[T]he degree of success obtained in the litigation; the purposes of the Copyright Act, and 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant].'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)).

In the present case, Plaintiff achieved complete success. *Glacier Films*, 896 F.3d at 1038 (statutory damages are a "total triumph" because "Actual success in an infringement action involves establishing the defendant's liability."). This case was reasonable and non-frivolous. Plaintiff is a professional photographer and the case was motivated, at least in part, by the need to protect his livelihood. The requested fees, while by no means insubstantial, are not inequitable. An award of attorney fees will serve both to deter Defendant from future infringement and to compensate Plaintiff for pursuing a meritorious claim.

"The goal of the Copyright Act is to promote creativity for the public good." *Glacier Films*, 896 F.3d at 1041 (internal quotation marks and citation omitted). "Inherent in the Act's purpose is that a copyright holder has always had the legal authority to bring a traditional infringement suit against one who wrongfully copies." *Id.* (internal quotation marks and citation omitted). In the present case, Defendant republished Plaintiff's copyrighted works on his own website without attribution or payment to Plaintiff. As the Ninth Circuit observed in *Glacier*

*Films*, "This is not a case of the infringer creating something new and incorporating a copyrighted element into that new, creative work." *Id.* Under the circumstances, the Court concludes that an award of attorney fees is consistent with the purposes of the Copyright Act.

All factors therefore weigh in favor of Plaintiff and the Court exercises its discretion to award fees and costs pursuant to 17 U.S.C. § 505.

## II. Amount of Fees

Plaintiff seeks $5,513.00 in attorney fees and costs. The Court calculates attorney's fees using the lodestar method, which multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended in the case. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

Plaintiff seek an award of attorney fees at a rate of $312 per hour for his attorney, Matthew Higbee, and paralegal fees at a rate of $129 per hour. In determining the reasonable hourly rate for attorneys and paralegals, courts look to the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (internal quotation marks and citation omitted). The relevant community "is the one in which the district court sits." *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). Courts in the District of Oregon rely on the Oregon State Bar Economic Survey, most recently issued in 2017, to determine reasonable rates for attorneys in Oregon. In this case, Higbee has been in practice for thirteen years and was admitted to the Oregon bar in 2010. Higbee Decl. ECF No. 22-1. The statewide average rate for Oregon attorneys with Higbee's level of experience is $273, with $325 representing the 75th percentile. Under the circumstances, the Court concludes that the requested rate of $312 is reasonable.

The Oregon State Bar Economic Survey does not include rates for paralegals, but Judge You recently considered an attorney fee petition from Higbee in an unrelated case and approved

paralegal fees at a rate of $129 per hour for paralegals with between one and five years of experience. *Reed v. Ezelle Inv. Props., Inc.*, Case No. 3:17-cv-01364-YY, 2019 WL 1453480, at *5 (D. Or. April 2, 2019). The Court finds Judge You's reasoning persuasive and awards paralegal fees at the requested rate of $129 per hour.

As to the requested hours, courts should exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal quotation marks and citations omitted). In the present case, Higbee has accrued 15 hours and the paralegal accrued 2 total hours. The Court has reviewed these hours and finds that they were reasonably incurred.

Plaintiff has also submitted evidence of $575.00 in costs for the filing fee and the cost of service in this case. These fees were reasonably incurred and are recoverable.

Plaintiff's Motion for Attorney Fees and Costs is therefore GRANTED. The Court awards the full requested amount of $5,513.00. This award represents $4,938.00 in attorney and paralegal fees and $575.00 in costs.

## CONCLUSION

Plaintiff's Motion for Attorney Fees and Costs, ECF No. 22, is GRANTED. Plaintiff is awarded attorney and paralegal fees in the amount of $4,938.00 and costs in the amount of $575.00 for a total award of $5,513.00.

It is so ORDERED and DATED this 4th day of December, 2019.

                                                s/Michael J. McShane
                                                MICHAEL McSHANE
                                                United States District Judge